**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**UNITED STATES OF AMERICA**

**v.** **No. 4:13CV00657**
**4:11CR00140**

**FREDERICK LEE REEVES**

**ORDER**

On July 5, 2011, Petitioner was indicted for possession with intent to distribute cocaine (Count I) and possession with intent to distribute cocaine base (Count II). On December 9, 2011, Petitioner signed a plea agreement pursuant to Rule 11(c)(1)(A) and (B) in which he pleaded guilty to Count I, and Count II was dismissed. As part of that agreement, the parties stipulated that "no party will seek an increase or decrease in the offense level for role under Section 3B1.1 or 3B1.2 of the Guidelines," and that "no other enhancements or reductions under Section 2D1.1 or Chapter 3 of the Guidelines apply." [Docket No. 17, pp. 3-4]. The plea agreement further recited that "[t]he defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court." [*Id.* at 4].

At the change of plea hearing, the Court advised Petitioner as follows:

> You will be sentenced consistent with the Federal Sentencing Guidelines. I am not obligated by law to sentence you within the guideline range that I calculate, but it will be important to me to calculate and then make a determination as to whether you should be sentenced either within or outside that range. And what I will do is get a report from the probation office. It will have a lot of information about you, about this offense, and I will rely on that in calculating a guideline range. And I know you said your attorneys have already done that for you, but I can't take their word for it. I have to make those calculations myself, and I will be doing it based on this report, which they don't have at this time. So we may end up with a different result; is that clear?

*Id*. at 6-7. Petitioner replied, “Yes, sir.”

At the sentencing hearing held on March 19, 2012, the Court used the presentence report to calculate Petitioner’s guideline range; there were no objections to its contents or calculations. While Petitioner started with a base offense level of 26, his total offense level was increased to a 34 after he received a career offender enhancement under U.S.S.G §4B1.1(b)(2), and his criminal history category was VI. He received a 3-level reduction for acceptance of responsibility, making his total offense level 31. After discussing Petitioner’s age, his “lack of ability to bring [himself] under control,” and the short length of time between when he was released from prison and committed another offense, the Court sentenced Petitioner to 212 months’ imprisonment, four years of supervised release, and imposed a $100 special assessment. This sentence was within the Federal Sentencing Guidelines range and was affirmed on appeal. Specifically, the Eighth Circuit found that “[t]he district court thoroughly explained its chosen sentence, relied on and properly weighed appropriate factors only, and imposed a prison term within the calculated Guildelines range and the statutory limits.” 496 Fed.Appx. 679 (8th Cir. 2012).

On November 18, 2013, Petitioner filed this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He alleges that his counsel was ineffective for “failing to advise [Petitioner] of all relevant facts and circumstances surrounding his guilty plea” and for failing to object to the application of the 4B1.1 enhancement to his sentence. Petitioner additionally alleges that his counsel was ineffective for failing to object to the alleged breach of the plea agreement as a result of the application of the 4B1.1 enhancement.

To obtain relief on his ineffective assistance of counsel claim, Petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U.S. 668,

687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689. Petitioner must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694.

Regarding his claim that his counsel should have objected to the application of the 4B1.1 enhancement where the prior convictions were not alleged in his indictment, admitted in the plea agreement, or proven beyond a reasonable doubt, the Supreme Court has squarely addressed this issue. *See Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). In *Almendarez-Torres*, the Supreme Court held that a penalty provision does not define a separate crime and need not be charged in the indictment. In a subsequent decision addressing the same issue, the Eighth Circuit relied on *Almendarez* to find that "Sohn's indictment satisfied the Fifth Amendment by including the substantive offense, and the district court may apply a sentence enhancement statute not cited in the indictment, based on prior convictions also not included in the indictment." *United States v. Sohn*, 567 F.3d 392, 394-395 (8th Cir. 2009). As there was no legal basis on which his counsel could have objected to the application of the 4B1.1 enhancement, Petitioner's claim for ineffective assistance of counsel fails as to this argument.

Regarding Petitioner's argument that his counsel provided ineffective assistance for failing to object to an alleged breach of the plea agreement, Petitioner cannot show that his counsel's performance fell below an objective standard of reasonableness. As discussed below,

there was no breach of the plea agreement, and therefore no need for Petitioner's counsel to object.

The plea agreement contained two stipulations regarding possible enhancements. In paragraph 5.B., the parties agreed and stipulated that "no party will seek an increase or decrease in the offense level for role under Section 3B1.1 or 3B1.2 of the Guidelines." Then in paragraph 5.E, the parties agreed that "no other enhancements or reductions under Section 2D1.1 or Chapter 3 of the Guidelines apply." In each instance of a stipulation regarding enhancements, a specific Guideline section was referenced.

In a subsequent portion of the plea agreement outlining the consequences in the event of Petitioner's breach of the plea agreement, Petitioner acknowledged that in the event of his violation of the terms of the agreement, his commission of any more crimes, or his failure to appear for any proceeding, the government had the right to advocate for "any sentencing enhancement that may be appropriate." Petitioner is mistaken in his argument that absent a breach by him, the Government did not have the right under the agreement to seek enhancements under *any* section of the Guidelines. Rather, the government clearly carved out the specific sections of the Guidelines under which it would not seek enhancements, which did not exclude the right to seek enhancements under 4B1.1 for career offenders.

In fact, it was clear from the terms of the plea agreement that the presentence report would contain information on Petitioner's as-yet unknown criminal history, and Petitioner agreed to give a truthful accounting at a later time of all of his arrests and convictions. The parties further expressed their understanding that "the guideline range could be greater or less than the defendant or the United States expected it to be," which would not release any party from the terms of the agreement. As discussed earlier, the Court also directly communicated to Petitioner

that it would be making the guideline calculations based on the information in the presentencing report that neither the attorneys nor the Court had at the time the plea agreement was presented to the Court.

Therefore, the Court finds that the government did not breach the plea agreement by supporting the career offender recommendation because the plea agreement was silent as to Chapter Four adjustments. *See, Unites States v. Bailey*, 677 F. 3d 816 (8th Cir. 2012); United *States v. Parker*, 512 F.3d 1037, 1039 (8th Cir.2008); *United States v. Leach*, 491 F.3d 858, 865 (8th Cir.), *cert. denied*, 552 U.S. 1053, 128 S.Ct. 682, 169 L.Ed.2d 534 (2007).

Petitioner is not entitled to an evidentiary hearing if the allegations in his motion, the files, and the records of the case, "accepted as true, would not entitle her to relief, or ... the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d, 238, 240 (8th Cir. 1995). A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face...." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994). Because the Court finds no merit in Petitioner's arguments, his request for a hearing on the interpretation of the plea agreement is denied.

For the reasons stated above, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 40] is denied.

IT IS SO ORDERED this 16th day of July, 2014.

James M. Moody Jr.
United States District Judge